1
2
3
4                          UNITED STATES DISTRICT COURT
5                                  DISTRICT OF NEVADA
6

7    ANNIE M. SCALES,                       )
                                             )
8                    Plaintiff,              )    Case No. 2:11-cv-01096-PMP-GWF
                                             )
9    vs.                                     )    **ORDER**
                                             )
10                                           )
     CHARLES SHORT, et al.,                  )    Application to Proceed in Forma
11                                           )    Pauperis (#1) and Screening of
                     Defendants.             )    Complaint
12   _____  )

13         This matter comes before the Court on Plaintiff's Application to Proceed in Forma Pauperis
14   (#1), filed on July 1, 2011.

15                                      **BACKGROUND**

16         Plaintiff alleges a conspiracy by the employees of the State of Nevada. In Count I, Plaintiff
17   alleges a violation of her Fifth Amendment due process right and her 6th Amendment right to
18   competent counsel. To support Count I, Plaintiff instructs the Court to read the minutes of her state
19   court trial. As best the Court can tell, Plaintiff took exception to the manner in which Judge
20   Togliatti presided over her state court trial. Plaintiff alleges that Judge Togliatti violated her rights
21   by putting her in jail on a $100,000 bail, not allowing the Plaintiff to defend herself in Court, and
22   not showing up on the last day of trial. Judge Togliatti however is not a named Defendant in this
23   action. Plaintiff attached documentation of previous claims against Judge Togliatti alleging almost
24   identical facts. Plaintiff's claim against Judge Togliatti was dismissed with prejudice as judges
25   acting in their judicial capacity are immune from suit. *See* Case No. 2:09-cv-1386 JCM-RJJ (#18).
26   Therefore, the Court will not re-screen Count I of Plaintiff's Complaint.
27         In Count II, the Plaintiff alleges a violation of her Eighth Amendment right against cruel
28   and unusual punishment. Plaintiff alleges that in 2007 Charles Short used his power as clerk of the

court to garnish her check.  Plaintiff claims that she rented a car from Budget Rental Car.  On January 29, 2003, Plaintiff claims that she was arrested and put in jail with an expected release date of January 30, 2003.  However, Plaintiff was not released until February 3, 2003.   Plaintiff alleges that when she appeared in court on the charges, she was informed that " no further complaint [was] filed," and a final verdict was entered on that.  Plaintiff claims that Mr. Short hated her and knew that she was in financial trouble, so he garnished her check.  Plaintiff also believes that Mr. Short was acting out of revenge on behalf of his friend Michele Lenty.   As a result of Mr. Short's actions, Plaintiff alleges that she became homeless, had to save three pay checks in order to pay her rent, and was forced to move.  Plaintiff claims she attempted to file a complaint against Mr. Short previously, but it was dismissed by Judge Johnston.  A review of the documents attached to the Plaintiff's Complaint reveals that her claim against Mr. Short, alleging nearly identical facts,  was dismissed with prejudice on September 17, 2007. *See* Case No. 2:07-cv-00415-RCJ-RJJ.  The Court will therefore not re-screen Count II of Plaintiff's Complaint.

In Court III, Plaintiff alleges that Steven Grierson violated her Eighth Amendment right against cruel and unusual punishment.  Plaintiff claims that Mr. Grierson used his power as clerk of the court to lose a 1986 case that was dismissed.  Plaintiff alleges that during her interactions with Mr. Grierson, he acted very cruel toward her.  Plaintiff further alleges that the 1986 case was not a felony case, as Mr. Grierson claimed, but rather it was a misdemeanor case.  Plaintiff claims her nursing licence was denied on the grounds that she had two prior felony convictions.  Plaintiff claims that she has only been to court twice, so the other felony conviction that the nursing board is referring to must be the 1986 case that was dismissed.  Plaintiff claims that in 1997, Dr. Shreck called the court about the 1986 case.  In response to being questioned about this case, Plaintiff informed Dr. Shreck that she filed an appeal and won her case.  Plaintiff then asked Dr. Shreck if he was doing a background check on his patients, and Dr. Shreck said "No."  Dr. Shreck further responded that this particular case was brought to his attention.  Plaintiff alleges that someone told Dr. Shreck about her case.  Plaintiff further claims that Michele Lenty and Mr. Grierson lied about the1986 case being a felony case and destroyed the underlying documentation.

. . .

In Count IV, Plaintiff claims that Sandra Elliott Spagnolo violated her Eighth Amendment right against cruel and unusual punishment. Plaintiff alleges that Ms. Spagnolo used her power to dismiss the case Plaintiff filed with the U.S. Supreme Court alleging that the fire department was stalking and harassing her. Plaintiff claims that she was living in Virginia at the time, and she had to call back to Las Vegas and tell Earl Green, a member of the fire department, to stop harassing her. Plaintiff claims that her case was denied because she made that phone call. When Plaintiff called the U.S. Supreme Court in 1999, Ms. Spagnolo hung up on the Plaintiff. In 2000, Plaintiff visited the Supreme Court, and Ms. Spagnolo told Plaintiff "good luck," to which Plaintiff responded, "bye witch." Plaintiff claims that she paid $300.00 to file her case, and $600.00 to print out her booklet. Plaintiff claims that Ms. Spagnolo, the clerk handling her case, along with another individual, destroyed Plaintiff's booklet and never placed the Plaintiff's case on the docket.

In Count V, Plaintiff alleges that Cathy Catterson violated her Eighth Amendment right against cruel and unusual punishment. Plaintiff claims that Ms. Catterson used her power as the clerk of the court to ignore Plaintiff's complaint that she filed against Judge Kozinski, Judge Hunt, Judge Johnston, Judge Leen and Judge Mahan. Plaintiff alleges that Ms. Catterson sent Plaintiff a letter stating the Plaintiff's case could not be decided by a judge. Plaintiff claims that she never heard anything else from Ms. Catterson because her case was thrown away. Plaintiff alleges that the judges contacted all the lawyers and told each lawyer not to help the Plaintiff. Plaintiff claims that she wrote several letters asking the judge and prosecuting attorney what crime she committed, but no one answered her. Plaintiff claims that she was tried and put in jail, but she never committed a crime. Plaintiff claims that she was put on trial because the judges were acting in revenge on behalf of Michele Lenty.

## DISCUSSION

**I.      Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to her application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Scales' financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

**II.     Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief."  *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In Counts III through V, Plaintiff alleges that her Eighth Amendment rights were violated by three different court clerks.  The protection afforded by the Eighth Amendment is limited.  *Ingraham v. Wright,* 430 U.S. 651, 670 (1977).  Only after incarceration does the "unnecessary and wanton infliction of pain" constitute cruel and unusual punishment forbidden by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).   A violation of the Eighth Amendment occurs when prison officials are deliberately indifferent to a prisoner's needs. *Toguchi* at 1057.  Under the Eighth Amendment, a prisoner "must satisfy both the objective and subjective components of a two-part test." *Id.* quoting *Hallet v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted).  First there must be a demonstration that the prison official deprived the prisoner of the "minimal civilized measure of life's necessities." *Id.* (citation omitted).  Second, a prisoner must demonstrate that the prison official "acted with deliberate indifference in doing so." *Id.*

1  (citation and internal quotation marks omitted).

2  Because the Plaintiff is not alleging a violation of her Eighth Amendment rights while she
3  was incarcerated, Plaintiff has failed to state a claim upon which relief can be granted. The Eighth
4  Amendment right against cruel and unusual punishment applies only after an individual is
5  incarcerated and provides a prisoner relief from abuse by a prison official. Plaintiff does not allege
6  that she was incarcerated when the alleged violations occurred. In fact, under Count III, Plaintiff
7  alleges that she was in the process of applying for her nursing license, which implies that she was
8  not incarcerated at the time. In Count IV, Plaintiff alleges that she was living in Virginia, and
9  freely visited the Supreme Court to check on the status of her case, and in Count V, Plaintiff states
10 no facts to support she was incarcerated at that time. Furthermore, Plaintiff's allegations are not
11 against a prison official, but rather each allegation alleges misconduct by a court clerk. The Court
12 finds that the Plaintiff fails to state a claim upon which relief can be granted under the Eighth
13 Amendment, and therefore her complaint must be dismissed.

14 To the extent that Plaintiff is challenging her state court criminal conviction, Plaintiff's
15 claim must also be dismissed. It is well-settled that federal district courts do not have appellate
16 jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise. *See, e.g., Rooker*
17 *v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir.
18 2003). Moreover, the Supreme Court has held that a § 1983 action cannot be used to collaterally
19 attach a criminal conviction unless the conviction or sentence has been reversed on direct appeal,
20 expunged by executive order, declared invalid by a state tribunal authorized to make such a
21 determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See*
22 *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). Here, it does not appear that Plaintiff's conviction
23 has been reversed on direct appeal, expunged by executive order, declared invalid, or called into
24 question. As a result, to the extent Plaintiff is challenging her underlying state court conviction,
25 Plaintiff's Complaint must be dismissed.

26 As it is clear from the face of the complaint that the deficiencies cannot be cured by
27 amendment, the Court will recommend that Plaintiff's Complaint be dismissed with prejudice. *See*
28 *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (#1) is **granted**.  Plaintiff shall not be required to pay an initial partial filing fee.

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-1).

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint (#1-1) should be **dismissed with prejudice**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within ten (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Yist*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 22nd day of August, 2011.

*George Foley Jr.*
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**